BALDRICH, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in an Action of Debt.

No. 3125.—Decided February 29, 1924.

LOAN—PLEDGE—CONTRACT—MATURITY—OBLIGATION.—This case turned on the interpretation of the following stipulation of a loan contract secured by a pledge: ''Fourth.—It is stipulated by the contracting parties of the first and second part that in case the tobacco delivered in pledge as collateral security of the said debt should not fetch a reasonable selling price during the term of pignoration, the creditor, by its agent, agrees to allow the debtor an extension of time for the payment of the debt, it being understood that an extension of one month shall in like manner apply to the collateral security given in pledge.'' *Held:* That this was not a contract to sell the tobacco before demanding payment of the claim; and as no time was fixed when the tobacco should be sold, the term mentioned in the stipulation expired with the principal obligation and the creditor was only obliged to wait a month thereafter.

ID.—ID.—ID.—ELECTION.—A creditor whose credit is secured by pledge is not bound first to have resort to the said collateral guarantee, but has an election to sue independently.

The facts are stated in the opinion.
*Mr. C. Domínguez Rubio* for the appellant.

*Mr. A. Porrata Doria* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Casimiro Rivera, the appellant, never denied that he had owed $649.22, with interest, etc. He owed it to Schlüter & Co., the assignor of the complainant, Isidoro Baldrich. The contention of the appellant was that his obligation was conditioned upon the sale of tobacco deposited in pledge with Baldrich as agent of Schlüter & Co. When Baldrich became the owner of the obligation by assignment he did not first sell the tobacco, but, to make the claim, sued and attached other real estate of Rivera, the appellant. The appellant maintained that Baldrich was bound to sell the tobacco before filing suit, and appellant, in a cross-complaint, claimed damages both for failure to sell the tobacco and for the alleged wrongful attachment. The tobacco was sold apparently by Baldrich after suit filed, and brought some four hundred dollars. The court gave judgment for the difference between this amount and the amount claimed in the complaint.

The court held that the defendant was bound with all his property to satisfy an obligation in accordance with section 1812 of the Civil Code; that the duty of Baldrich to first sell the tobacco was not of such a nature as to prevent the suit and attachment, and that Rivera did not show any damages.

We agree definitely with the court that the defendant and counter-claimant failed to show damages. He failed to show that the tobacco was worth more than the price at which it was sold or that said defendant was injured by the attachment. Hence, even supposing that Baldrich was under a contract to sell the tobacco and, if insufficient, to deduct the proceeds from his claim and that he did not do so, it would be a case of *damnum absque injuria,* inasmuch as all that Baldrich has recovered is the difference between the

amount of his claim and the value of the pledged tobacco. Under various sections of our codes we should disregard such a failure to sell where no injury resulted.

There would have been, perhaps, a breach of contract by Baldrich with a consequent right of action in Rivera, but the right of action that Baldrich had was not destroyed.

However, we agree with the other findings and conclusions of the court. The whole case of defendant turned on the following stipulation:

"Second.—As collateral security of said debt, Casimiro Rivera, in his own right, pledges and secures to Schlüter & Co. from this date the 35 quintals of leaf tobacco described in the second clause of this complaint, which tobacco the parties, by mutual agreement, place in the custody of Baltazar Mendoza after the representative of the creditor firm of Schlüter & Co. had taken possession thereof on this date.

"Third.—Baltazar Mendoza Martínez accepts the custody of the said 35 quintals of leaf tobacco containing the grades shown in the first clause of this stipulation, and undertakes to comply with the duties of a good and intelligent administrator in the care of the tobacco during the time it is held in pledge. The value of the tobacco has been estimated at $20 the quintal.

"Fourth.—It is stipulated by the contracting parties of the first and second part that in case the tobacco delivered in pledge as collateral security of the said debt should not fetch a reasonable selling price during the term of pignoration, the creditor, by its agent, agrees to allow the debtor an extension of time for the payment of the debt, it being understood that an extension of one month shall in like manner apply to the collateral security given in pledge."

We cannot agree with appellant that this was a contract to sell the tobacco before demanding payment of the claim. We agree with the court that as no time was fixed when the tobacco should be sold, the term of pignoration mentioned in the stipulation expired with the principal obligation and that the creditor was only obliged to wait a month thereafter. He waited about eight months.

It is likewise plain that the tobacco was only given as collateral guarantee. Appellant has not convinced us that when a collateral obligation or pledge is given the creditor is bound first to have resort to the said collateral guarantee. We understand, on the contrary, that a creditor has an election to sue independently. This would seem to be the opinion of Manresa in his commentaries on section 1773 (1872 of the Spanish Code.) This section provides:

"Section 1773. A creditor to whom the debt has not been paid at the proper time may proceed, before a notary, to alienate the pledge. This alienation must necessarily take place at public auction, and with the citation of the debtor and of the owner of the pledge, in a proper case. If the pledge should not have been alienated at the first auction a second one, with the same formalities, may be held; and should no result be attained the creditor may become the owner of the pledge. In such case he shall be obliged to give a discharge for the full amount of his credit.

"If the pledge should consist of securities quoted on exchange, they shall be sold in the manner prescribed in the code of commerce."

There is nothing in this section that limits the creditor from filing an independent suit, although the debtor might, perhaps, under certain conditions demand the return of the pledge.

It follows necessarily that the attachment was not wrongful, and the judgment must be affirmed in all its parts.

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.